[S. F. No. 15589. In Bank.—April 22, 1937.]

LEE WONG, Appellant, v. LEE GANG, Respondent; LEE GANG, Cross-Complainant and Respondent, v. LEE WONG, Cross-Defendant and Appellant.

Oliver Dibble, Samuel I. Jacobs and Thomas Pierce Rogers for Appellant.

Robert Littler and Robert W. Scott for Respondent.

LANGDON, J.—This is an action for a partnership accounting. Plaintiff Lee Wong and defendant Lee Gang commenced a jobbing carpenter business as partners in 1914. Defendant generally paid the bills and kept the books. In 1932 the partners employed Lee Kai Mon to work on the books, and he made a number of entries of items of expense, many of which had been incurred years before. The partners quarreled about these and other matters, and in August, 1933, the partnership was dissolved by mutual consent. There remained, however, the question of accounting and division of assets. Counting the late entries of bills made by Lee Kai Mon, it appeared that plaintiff had overdrawn his share of the partnership income, and owed defendant a considerable sum of money. Plaintiff, however, challenged the validity of the late entries of defendant's disbursements, claiming that they were unsubstantiated by evidence, and that the long delay tended to indicate their falsity. Both parties were members of the Lee Family Association of America, and in February, 1934, both voluntarily agreed to submit all the books and accounts to the said association for settlement of the controversy. They further agreed that the association might appoint four Chinese accountants to examine the books, and to pay the salaries of such accountants. The accountants were appointed, worked for 53 days, and rendered a written report, in which they found that plaintiff owed defendant the sum of $13,273.28, representing overdrawing of profits.

Plaintiff thereupon brought suit in the superior court for an accounting, to which defendant filed an answer and cross-complaint, alleging that the parties had submitted their dispute to arbitration and had agreed to be bound by the result. At the trial plaintiff took the position that there

had been no binding agreement to arbitrate; that assuming that there was, plaintiff had revoked the submission; and that the award was invalid because not rendered in accordance with the terms of the submission. The trial court gave judgment for defendant, and plaintiff appealed. Conceding that there was a conflict of evidence on the first two points, plaintiff bases his appeal on the single contention that the award of the accountants was not coextensive with the submission and was therefore void.

The argument is based on the fact that the accountants, in checking over the books, and particularly the late entries, merely determined whether there was a bill or statement to support each entry, and whether the bill appeared, on its face, to be genuine. As the report states: "And he (plaintiff) asked us to be sure to check them up and find if they are true accounts or not, and to prove them with evidence . . . we investigated those accounts most carefully. If there are no bills or statements to support any accounts, we do not consider them." The report further states: "In checking up expenses we go about it the way the business people do, supporting each one with bills or statements. Checking up whether there are duplicate bills or statements, whether the name of the firm really sells the kind of merchandise listed, going over the date and accounts . . . " Plaintiff points out that a number of the bills were not marked "Paid", and lacked receipts, and argues that there was no assurance that they had been paid. One of the accountants, testifying in this connection, stated that defendant had, at the meeting of the association, declared that he had charge of all the bills and was responsible for their payment, and that accordingly they had approved bills even though not marked "Paid". This procedure is strongly criticized by plaintiff. His contention is that to "prove them with evidence" meant that in addition to checking the book entries against bills and statements, the validity of each bill and statement should likewise have been determined by investigation, and that in failing to do this, the accountants had not made an award in conformity with the submission to arbitration.

The trial court found that the accountants had rendered a full and impartial accounting, that their report truly represented the condition of the partnership accounts, and that a further accounting was unnecessary. This finding

is amply supported by the record. Plaintiff has not shown that any particular challenged item is in fact false, and defendant testified at the trial that he had paid all of the bills. There is a dispute as to exactly what were the terms of submission to arbitration, but the understanding that the accountants had of their duties, after discussion with both partners, was in accordance with their subsequent procedure. One of them testified as to what plaintiff had requested: "He just said must have some evidence and we took the bill as evidence." The record fails to establish plaintiff's proposition that the accountants were directed to investigate and ascertain the authenticity of each separate bill. There is no question, however, as to the care with which they checked the bills against the book entries. And in this connection it may be noted from the accountants' report that plaintiff himself "wrote in a great many of expense accounts that he paid out, but we do not find any bills or statements to support them, therefore we can not consider them".

The judgment is affirmed.

Edmonds, J., Curtis, J., Thompson, J., Seawell, J., and Shenk, J., concurred.